VENABLE LLP
Justin E. Pierce (*pro hac vice* pending)
jepierce@venable.com
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone:   (202) 344-4442
Facsimile:    (202) 344-8300

Tamany Vinson Bentz (SBN 258600)
tjbentz@venable.com
Matthew J. Busch (SBN 307396)
mjbusch@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Kimberly Culp Cloyd (SBN 238839)
kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 653-3750
Facsimile:    (415) 653-3755

Attorneys for Plaintiff PUMA SE

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PUMA SE, a German company,<br><br>Plaintiff,<br><br>v.<br><br>FOREVER 21, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)**<br><br>**(2) FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))** |

1

COMPLAINT

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**(3) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**(4) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

**(5) STATE UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**

**DEMAND FOR JURY TRIAL**

Plaintiff Puma SE ("Puma"), for its Complaint against Defendant Forever 21, Inc. ("Defendant" or "Forever 21"), alleges the following:

## THE PARTIES

1.      Puma is a German company with its principal place of business located at PUMA Way 1, 91074 Herzogenaurach, Germany.

2.      Upon information and belief, Defendant Forever 21 is a Delaware corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 3880 N. Mission Road, Room 3030, Los Angeles, California 90031.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims in this action that relate to patent infringement, copyright infringement, trade dress infringement, and unfair competition pursuant to 28 U.S.C. §§ 1331 and 1338, as this is an action arising under the laws of the United States.  This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy as the federal claims herein.

COMPLAINT

4.     Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(1), as Defendant resides in the Central District of California (as specified in 28 U.S.C. § 1391(c)), and 28 U.S.C. § 1391(b)(2), because a substantial part of the events that give rise to this action occurred in this judicial district.

5.     This Court has personal jurisdiction over Defendant because, among other things, Defendant is doing business in the State of California and its principal places of business is in this judicial district.  Indeed, Defendant purposefully directs and conduct business in California and the acts of infringement complained of in this action took place in the State of California.

**FACTS IN SUPPORT OF PLAINTIFF'S CLAIMS**

6.     Since December of 2014, world-renowned music artist, Rihanna, has acted as the Women's Creative Director for Puma clothing and footwear.  In this capacity, Rihanna has served as brand ambassador for Puma's "Fenty" label.  The Fenty products are luxury products and, therefore, Puma keeps the volumes small and limits the sales to create desirability not only for the Fenty products but for the Puma brand as well.

7.     As part of this footwear line, Puma developed and launched the Puma by Rihanna 'Creeper' Sneaker (herein, the "Creeper") in 2015.  The overall design of the shoe, including suede uppers, and a thick rubber outer sole consisting of ridged tooling and grainy texture renders the "Creeper" visually distinguishable from other footwear on the market.

8.     Since its launch, the distinctive Creeper has achieved immense popularity and acclaim, and routinely sells out within minutes of the launch of each new version due to overwhelming demand.

9.     Following the success of the "Creeper," Puma launched the "Fur Slide" sandal in April 2016.  The "Fur Slide" is a slip-on shoe which features a plush fur side strap with a satin foam backing.  The "Fur Slide" was followed by

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

COMPLAINT

the release of the "Bow Slide" earlier this month, in March 2017.  The "Bow Slide" is also a slip-on shoe which incorporates a casually knotted satin bow atop the side strap in addition to satin foam backing.

10.     Puma's "Creeper" sneaker and "Fur Slide" and "Bow Slide" sandals (collectively, the "Fenty Shoes") have enjoyed substantial and noteworthy success, and are currently being sold in both brick-and-mortar stores and online retailers such as Neiman Marcus, Nordstrom's, Urban Outfitters, and Bloomingdales, among others.

11.     The Fenty Shoes have received numerous accolades over the years including the Fenty "Creeper" being referred to as "the Most Desirable Shoe of 2016" by Footwear News.  The Fenty Shoes have also received substantial unsolicited media attention including in such publications as Vanity Fair, W Magazine, Allure, Vogue, and Harper's Bazaar.

12.     The demand for the Fenty Shoes is so great that the Puma website has been overwhelmed with traffic on days that the shoes launch and, in fact, crashed the day the "Fur Slide" was first offered for sale.  Likewise, the "Creeper" shoes sell out within minutes of being posted online.

13.     Puma's Fenty Shoes are protected by various intellectual property rights owned by Puma.  Puma has a prolific international enforcement program to protect its intellectual property in the Fenty Shoes.  Recently, Puma obtained an injunction against a retailer, Top Shop, in Germany preventing it from selling knock-offs of the Fenty Shoes.

14.     Seeking to trade on the substantial goodwill of Puma, Rihanna, and the Fenty Shoes, Defendant has blatantly copied (or "knocked-off") each of these shoes.  Indeed, although the Bow Slide was only released ***this month***, Defendant is already offering copies of it on its website.  Puma only offers the Bow Slide in two colors and Defendant's copying is so precise that it also only offers the same two

COMPLAINT

colors of its own knock-off bow slide.  One style weblog posted an article titled "Retailers Knock Off Fenty Puma Shoes?!" and explained that "[t]he shoes haven't been out a full month and already quite a few retailers have copied the Fenty Puma design.  The most recent to have created a replica is Forever 21."  This same editor noted that Defendant's shoe is even "in the exact same shade of pink as the Fenty Puma bow slide."  (Incidentally, it is also in the exact same shade of olive green, the only other color in which Puma and Defendant offer the shoe.)

15.     The Defendant's business model is based on trading-off of the established goodwill of reputable, name-brand companies, such as Puma.  According to Defendant's website, it is "the 5th largest specialty retailer in the United States."  On information and belief, one copyright expert has previously opined that "Forever 21 is the one who treats liability as a cost of doing business" and that "[i]llegal copying has been incorporated into their business model."  An August 29, 2016 article from "The Fashion Law" notes that Defendant had been sued for more than 100 copyright lawsuits and is "one of the fashion industry's most notorious copycats."  Indeed, Magistrate Dolinger, of the Southern District of New York, noted in an order "the extraordinary litigating history of [Forever 21], which raises the most serious question as to whether it is a business that is predicated in large measure on the systematic infringement of competitors' intellectual property."

16.     Courts in this district have also enjoined Defendant from using others' intellectual property.

**A.     Puma's "Creeper" Design Patent**

17.     Puma's "Creeper" is the subject of U.S. Patent No. D774,288 (the "'288 Patent").  A true and correct copy of the '288 Patent is attached hereto and incorporated herein as Exhibit A.

18.     The Defendant's Yoki Faux Suede Flatform Sneakers ("Yoki

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Sneakers") bear a substantial degree of similarity to the "Creeper" such that an ordinary observer would be deceived by the resemblance of Puma's and Defendant's shoe designs. Below is a comparison of Puma's design from FIG. 4 of its '288 Patent and Defendant's Yoki Sneakers.

| Plaintiff's Design (FIG 4, '288 Patent) | Defendant's "Yoki Sneakers" |
|---|---|
|  |  |

**B.**   **Puma's Fenty Trade Dress**

19.    The Fenty Shoes all include protectable trade dress. Puma has invested a substantial amount of time, money, and other resources in establishing the "Creeper", "Fur Slide", and "Bow Slide" trade dresses (collectively, the "Fenty Trade Dress") in the minds of consumers as a source of high quality, stylish, footwear. Puma chose to partner with Rihanna, a public figure who is held in high regard as a fashion icon, in promoting the Fenty Trade Dress. Rihanna is herself a brand ambassador for the Fenty Shoes. Indeed, the Fenty Shoes routinely sell out within minutes of being posted on Puma's online store.

20.    As a result of Puma's substantial use and promotion of the Fenty Trade Dress in connection with footwear, the Fenty Trade Dress has acquired great value as a specific identifier of Puma's products and serves to distinguish Puma's products from those of others. Customers in this Judicial District and elsewhere readily recognize the Fenty Trade Dress as distinctive designations of origin of Puma's products. The Fenty Trade Dress is of great value as a symbol of Puma's

1   quality products and goodwill.

2       21.    In an attempt to ride the coattails of Puma's substantial investment in

3   and success with the Fenty Shoes, Defendant is using the Fenty Trade Dress to

4   offer for sale, distribute, market, and/or sell competing shoes that are confusingly

5   similar to the Fenty Shoes.  As reflected in side-by-side comparisons, Defendant's

6   infringing shoes are confusingly similar to the Fenty Trade Dress.

7       22.    The "Creeper" trade dress includes, at least, a lace-up sneaker with

8   suede uppers, a thick rubber outer sole consisting of ridged vertical tooling and

9   grainy texture with a rubber ridge encircling the entire shoe immediately above the

10   vertical ridged tooling, and a deep "C"-shaped bowl for the foot to slide into.

11       23.    As illustrated below, Defendant clearly reproduces the "Creeper"

12   trade dress.  Defendant's "Yoki" is similarly a lace-up sneaker with suede uppers, a

13   thick rubber outer sole consisting of ridged vertical tooling and grainy texture with

14   a rubber ridge encircling the entire shoe immediately above the vertical ridged

15   tooling, and a deep "C"-shaped bowl for the foot to slide into.

| Puma's "Creeper" | Defendant's "Yoki" |
| --- | --- |
|  | |

24.    The "Fur Slide" trade dress consists of, at least, a thick sandal base
with a wide plush fur strap extending to the base of the sandal, and a satin foam
backing, and shares the deep bowl for the foot (albeit in a sandal).

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

7

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

25.     As illustrated below, Defendant clearly reproduces the "Fur Slide" trade dress.  Defendant's "Fur Slide" similarly comprises a thick sandal base with a wide plush fur strap extending to the base of the sandal, and shares the deep bowl for the foot with Puma's "Fur Slide."

| Puma's "Fur Slide" | Defendant's "Fur Slide" |
|---|---|
|  | |

26.     The "Bow Slide" trade dress consists of, at least, a thick sandal base decorated by a wide, casually knotted satin bow with pointed endings atop the side strap in addition to satin foam backing, and the same deep bowl for the foot.  As with the "Fur Slide" the material covering the strap of the "Bow Slide"—in this case satin—extends to the sandal's base.  The "Bow Slide" trade dress also includes "olive branch" and "silver pink" color options.

27.     As illustrated below, Defendant clearly reproduces the "Bow Slide" trade dress.  Defendant's "Bow Slide" similarly comprises a thick sandal base with a wide fabric strap extending to the base of the sandal, and shares the deep bowl for the foot with Puma's "Bow Slide."  Even more troubling, is Defendant's wholesale copying of Puma's casually knotted fabric bow with pointed endings and Defendant's use of a color scheme identical to Puma's trade dress.  Defendant's knock-off is so identical to Puma's Bow Slide that Defendant was called out on social media almost immediately after the knock-off slides hit the

COMPLAINT

1  market.
2

| Puma's "Bow Slide" | Defendant's "Bow Slide" |
|---|---|
|  |  |
|  |  |

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

28.    At all times, Puma offered for sale its Fenty shoes featuring the Fenty Trade Dress before Defendant's infringing designs were offered for sale.

29.    Puma is informed and believes, and on that basis alleges, that Defendant's unauthorized use of the infringing marks is intended to trade upon the goodwill and substantial recognition associated with Puma and the Fenty Trade Dress.

30.    Puma is informed and believes, and on that basis alleges, that Defendant is using the infringing trade dress in an attempt to associate its shoes with Puma, Rihanna, and the Fenty Trade Dress, to cause mistake or deception as to the source of Defendant's shoes and/or to otherwise trade upon Puma's valuable reputation and customer goodwill in its trade dress.

31.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Puma and its business reputation, caused a strong likelihood

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1    of consumer confusion, mistake, and deception as to the source of or origin or

2    relationship of Puma's and Defendant's goods, has caused actual confusion, and

3    has otherwise competed unfairly with Puma by unlawfully trading on and using the

4    Fenty Trade Dress without Puma's permission or consent.

5    **C.    Puma's Fenty Copyrights**

6        32.    The Fenty Shoes are also themselves creative works of art whose core

7    aesthetic reflects a creative combination of elements by the designer (the "Fenty

8    Copyrights").

9        33.    The Fenty Copyrights (1) can be perceived as a two- or three-

10    dimensional works of art separate from the Fenty Shoes and (2) would qualify as

11    protectable pictorial, graphic, or sculptural works—either on their own or fixed in

12    some other tangible medium of expression.  *See Star Athletica, L.L.C. v. Varsity*

13    *Brands, Inc.*, No. 15-866, 2017 WL 1066261 (U.S. Mar. 22, 2017).

14        34.    Currently, and at all relevant times, Puma has been the proprietor of

15    all rights, title, and interest in and to the Fenty Copyrights.

16        35.    Defendant, at all relevant times, had access to the Fenty Copyrights

17    due to their immense popularity and widespread public acclaim.  Indeed, access

18    can be inferred from the Fenty Shoes' inclusion in high end fashion magazines

19    including Vanity Fair, Vogue, and Harper's Bazaar, and prominent coverage of the

20    Fenty line during Paris Fashion Week.

21        36.    A side-by-side comparison of the Fenty Shoes with Defendant's

22    infringing footwear reveals that Defendant slavishly copied the protectable

23    elements of the Fenty Copyrights.

24        37.    The copyrighted elements of the "Creeper" include the ridged vertical

25    tooling and grainy texture encompassing the thick rubber outer sole.  As illustrated

26    below, Defendant clearly copies these separable artistic elements of Puma's

27    "Creeper."  The "Yoki" entirely appropriates the ridged vertical tooling and grainy

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

texture of Puma's "Creeper."

| Puma's "Creeper" | Defendant's "Yoki" |
|---|---|
|  |  |

38.     The copyrighted elements of Puma's "Fur Slide" include a wide plush fur strap extending to the base of the sandal.  As illustrated below, Defendant clearly copies these separable artistic elements of Puma's "Fur Slide." Defendant's knock-off fur slide entirely appropriates the wide plush fur strap extending to the base of the sandal incorporated in Puma's "Fur Slide."

| Puma's "Fur Slide" | Defendant's "Fur Slide" |
|---|---|
|  |  |

39.     The copyrighted elements of Puma's "Bow Slide" include a casually knotted satin bow with pointed endings atop a satin-lined side strap that extends to the base of the sandal.  The Puma "Bow Slide" copyright also includes "olive

COMPLAINT

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

branch" and "silver pink" color options, which are the only two colors that Defendant offers its customers (albeit with only slightly different names for the colors).  As illustrated below, Defendant clearly copies these several separable artistic elements of Puma's "Bow Slide."  Defendant's knock-off "Bow Slide" entirely appropriates the casually knotted fabric bow with pointed endings atop a lined side strap that extends to the base of the sandal.

| Puma's "Bow Slide" | Defendant's "Bow Slide" |
|---|---|
|  |  |
|  |  |

40.     Defendant's use of strikingly similar shoes has not gone unnoticed. The media and consumers alike have commented on the substantial similarities between Puma's Fenty Copyrights and Defendant's shoe designs. *See* Exhibit B.

41.     Puma filed applications for copyright registration (Application Nos. 1-4761700988; 1-4762060275; and 1-4749915241) with the United States Copyright Office for the Fenty Copyrights.

42.     Puma is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

43.     Defendant's acts complained of herein have caused Puma to suffer

1    irreparable injury to its business. Puma will suffer substantial loss of goodwill and

2    reputation unless and until Defendant is preliminarily and permanently enjoined

3    from its wrongful actions complained of herein.

## FIRST CLAIM FOR RELIEF

### (Design Patent Infringement, 35 U.S.C. § 271)

6        44.    Puma incorporates and references the allegations asserted in each of

7    the preceding paragraphs, as if fully set forth herein.

8        45.    On December 20, 2016, the U.S. Patent and Trademark Office duly

9    and legally issued the '288 Patent to inventor Ricard Pina. Mr. Pina assigned all of

10   his rights, title and interest to Puma.

11       46.    The '288 Patent is presumed valid pursuant to 35 U.S.C. § 282.

12       47.    Defendant, through its agents, employees, and servants, has, and

13   continues to, knowingly, intentionally, and willfully directly infringe, engage in

14   acts of contributory infringement, and/or induce the infringement of the '288

15   Patent, by directly and/or indirectly making, using, selling, offering for sale, and/or

16   importing shoes having a design that is substantially similar to the '288 Patent,

17   including for example, Defendant's "Yoki Sneakers."

18       48.    Defendant's acts of infringement of the '288 Patent were undertaken

19   without permission or license from Puma.  Defendant has actual and/or

20   constructive knowledge of the '288 Patent, and its actions constitute willful and

21   intentional infringement the '288 Patent.  Defendant infringed the '288 Patent with

22   reckless disregard of Puma's patent rights.  Defendant knew, or it was so obvious

23   that Defendant should have known, that its actions constituted infringement of the

24   '288 Patent.

25       49.    As a direct and proximate result of Defendant's patent infringement,

26   Defendant has derived and received gains, profits, and advantages in an amount

27   that has not been confirmed.

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

13

COMPLAINT

50. Pursuant to 35 U.S.C. § 284, Puma is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

51. Pursuant to 35 U.S.C. § 289, Puma is entitled to Defendant's total profits from the sale of shoes that infringe Puma's patent rights.

52. Pursuant to 35 U.S.C. § 285, Puma is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

53. Due to the aforesaid infringing acts, Puma has suffered great and irreparable injury, for which Puma has no adequate remedy at law.

54. Defendant will continue to directly and/or indirectly infringe Puma's patent rights to the great and irreparable injury of Puma, unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### Federal Trade Dress Infringement (15 U.S.C. § 1125(a))

55. Puma incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

56. Puma's Fenty Trade Dress has acquired secondary meaning.

57. Puma has used the Fenty Trade Dress in connection with its Fenty Shoes since prior to Defendant's use of its trade dress for its infringing shoes.

58. Defendant uses its infringing trade dress for the same types of products for which Puma uses its Fenty Trade Dress. Defendant's trade dress is so similar to Puma's distinctive Fenty Trade Dress as to be likely to cause confusion, mistake or deception among purchasers, users, and the public as to the source, origin, sponsorship or quality of goods, and is likely to confuse the public into believing that Puma is the source or sponsor of Defendant's goods and services, thereby causing loss, damage and injury to Puma and the purchasing public.

59. Defendant knew, or by the exercise of reasonable care should have

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

1   known, that its adoption, commencement of use in commerce and continuing use

2   of the Fenty Trade Dress in connection with its shoe designs would cause

3   confusion, mistake, or deception among purchaser, users and the public.

4          60.    Upon information and belief, Defendant knew of Puma's prior use of

5   the Fenty Trade Dress, and by adopting, commencing to use, and continuing to use

6   the Fenty Trade Dress, Defendant intended to and did induce and intends to and

7   will induce consumers to purchase its shoes by trading off the extensive goodwill

8   built up by Puma in its Fenty Trade Dress.

9          61.    Upon information and belief, the foregoing conduct by Defendant has

10  been knowing, deliberate, willful, intended to cause confusion, or to cause mistake

11  or to deceive, in disregard of Puma's rights.

12         62.    Defendant's wrongful conduct, as averred above, has permitted and

13  will permit it to make substantial sales and profits on the strength of Puma's

14  nationwide marketing, advertising, sales and consumer recognition.  Puma seeks an

15  accounting of Defendant's profits, and requests that the Court grant Puma three

16  times that amount in the Court's discretion.

17         63.    As a direct and proximate result of Defendant's wrongful conduct, as

18  averred above, Puma has been and will be deprived of substantial sales of its Fenty

19  Shoes in an amount as yet unknown but to be determined at trial, and has been and

20  will be deprived of the value of its Fenty Trade Dress as a commercial asset, in an

21  amount as yet unknown but to be determined at trial.  Puma seeks its actual

22  damages, and requests that the Court grant Puma three times the amount of its

23  actual damages at the Court's discretion.

24         64.    Puma has no adequate remedy at law for Defendant's continuing

25  violations of its rights as set forth above.  Puma seeks preliminary and permanent

26  injunctive relief.

27

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

15

COMPLAINT

## THIRD CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. § 501)

65.     Puma incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

66.     Defendant has infringed Puma's Fenty Copyrights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. by copying copyrighted shoe designs owned by Puma without a license or permission.

67.     Puma's Fenty Copyrights (1) can be perceived as a two- or three-dimensional works of art separate from the Fenty Shoes and (2) would qualify as protectable pictorial, graphic, or sculptural works—either on their own or fixed in some other tangible medium of expression.  *See Star Athletica, L.L.C. v. Varsity Brands, Inc.*, No. 15-866, 2017 WL 1066261 (U.S. Mar. 22, 2017).

68.     Upon information and belief, Defendant's acts of infringement are willful, intentional, continuous, and purposeful, in disregard of and with indifference to Puma's rights.

69.     As a direct and proximate result of said infringement by Defendant, Puma is entitled to damages in an amount to be proven at trial.

70.     Puma is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504 and otherwise according to law. Defendant's unjust gains and profits are ongoing as the infringement continues.

71.     Puma is also entitled to its costs and fees pursuant to 17 U.S.C. § 505 and otherwise according to law.

72.     Puma is entitled to injunctive relief and redress for Defendant's use and exploitation of shoe designs for its own financial benefit in disregard of Puma's rights.  Defendant's conduct is causing and, unless immediately enjoined, will continue to cause enormous and irreparable harm to Puma.

73.     As a direct and proximate result of the foregoing acts and conduct,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

COMPLAINT

Puma has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Puma is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendant will continue to infringe Puma's rights in the Fenty Copyrights. Puma is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## FOURTH CLAIM FOR RELIEF

**Federal False Designation of Origin and Unfair Competition, (15 U.S.C. § 1125(a))**

74.     Puma incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

75.     Defendant's actions as alleged herein constitute use in commerce of certain false designations of origin in connection with the sale and advertising of unauthorized goods. This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Puma, or as to the origin, sponsorship, or approval of Defendant's products by Puma. Defendant's conduct is likely to induce consumers to believe, contrary to fact, that Defendant's' shoes featuring the infringing designs and trademarks are sponsored, endorsed, approved by, or connected with Puma.

76.     Defendant's conduct is without Puma's permission or authority. Upon information and belief, Defendant had actual knowledge of Puma's prior and senior rights in its designs and trademarks. As a result, Defendant has committed its infringement with knowledge of Puma's rights. Thus, Defendant has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Puma and to deceive the public.

1

**FIFTH CLAIM FOR RELIEF**

2

**State Unfair Competition, (Cal. Bus. & Prof. Code §17200)**

3         77.     Puma incorporates and references the allegations asserted in each of

4    the preceding paragraphs, as if fully set forth herein.

5         78.     Defendant's conduct alleged herein constitutes willful and deliberate

6    unfair competition in wanton disregard of Puma's valuable intellectual property

7    rights.  Upon information and belief, Defendant has profited from its unfair acts.

8         79.     Defendant's conduct has directly and proximately caused and will

9    continue to cause Puma substantial and irreparable injury, including customer

10   confusion, injury to its reputation, and diminution in value of its intellectual

11   property, and unless restrained, will continue to seriously and irreparably impair

12   further the value of the Puma marks and design, for which there is no adequate

13   remedy at law.

14        80.     In light of the foregoing, Puma is entitled to an injunction under Cal.

15   Bus. & Prof. Code §§ 17200 et seq. restraining Defendant from engaging in further

16   such unlawful conduct, as well as restitution of those amounts unlawfully obtained

17   by Defendant through its wrongful conduct.

18

**PRAYER FOR RELIEF**

19        WHEREFORE, Puma prays for judgment against Defendant as follows:

20        1.     For an order and judgment that Defendant has willfully infringed the

21   '288 Patent under 35 U.S.C. § 271;

22        2.     For an order and judgment that Defendant has infringed Puma's Fenty

23   Copyrights, and acted willfully when infringing Plaintiff's Copyright;

24        3.     For an order and judgment that Defendant has infringed Puma's Fenty

25   Trade Dress in violation of Puma's rights under 15 U.S.C. § 1125(a);

26        4.     For an order and judgment that Defendant has unfairly competed with

27   Puma in violation of Puma's rights under 15 U.S.C. § 1125(a), common law,

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

18

and/or California law;

5.    For a preliminary and permanent injunction enjoining and restraining Defendant, and its agents, affiliates, employees, and all persons in active concert or participation with it, from:

    a.    Producing, selling, offering for sale, distributing, advertising, providing, or promoting any goods not authorized by Puma featuring the infringing designs, or under any other designation that so resembles Puma's shoes designs as to be likely to cause confusion, mistake, or deception;

    b.    Using any word, term, symbol, or any combination thereof, or any false designation of origin, false or misleading description of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, sponsorship or affiliation of Defendant's goods or services; and

    c.    Infringing in any manner, Plaintiff's Fenty Copyrights (whether now in existence or hereafter created);

6.    For an order requiring Defendant to file with this Court and serve upon Puma within fifteen (15) days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

7.    For an order requiring Defendant to account to Puma for any and all profits derived by Defendant from the use of the infringing designs, or any designation or trademark confusingly similar to Puma's designs and Marks, and for all damages sustained by Puma by reason of Defendant's acts of infringement, false designation of origin, unfair competition, and injury to business reputation complained of in this Complaint, and that such amounts be held in constructive trust for Puma;

8.    That the Court award Puma:

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

a.      All profits derived by Defendant's wrongful acts complained of herein;

b.      All damages, including statutory damages, sustained by reason of the wrongful acts complained of herein;

c.      Treble the amount of actual damages suffered by Puma under 15 U.S.C. § 1117;

d.      Treble damages for the violation of Puma's patent right under 35 U.S.C. § 284;

e.      Restitution for Defendant's unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq.;

f.      Damages for Defendant's violation of 15 U.S.C. § 1125(a) and treble damages for willful violation of same;

g.      Its costs incurred in this action;

h.      Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), 35 U.S.C. § 285, and 17 U.S.C. § 505; and

i.      Pre-judgment and post-judgment interest;

9.      Such other and further relief as this Court deems just and proper.


Dated:  March 31, 2017                          VENABLE LLP


                                                By:  /s/ Tamany Vinson Bentz
                                                     Justin E. Pierce (*pro hac vice*
                                                     pending)
                                                     Tamany Vinson Bentz
                                                     Kimberly Culp Cloyd
                                                     Matthew J. Busch
                                                     Attorneys for Plaintiff
                                                     Puma SE

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## DEMAND FOR JURY TRIAL

Plaintiff Puma SE hereby demands a trial by jury for all issues to which it is so entitled.


Dated:  March 31, 2017                    VENABLE LLP

                                          By:  /s/ Tamany Vinson Bentz
                                               Justin E. Pierce (*pro hac vice* pending)
                                               Tamany Vinson Bentz
                                               Kimberly Culp Cloyd
                                               Matthew J. Busch
                                               Attorneys for Plaintiff
                                               Puma SE

COMPLAINT