UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2523 PSG (Ex) | Date | April 7, 2017 |
|---|---|---|---|
| Title | Puma SE *et al.* v. Forever 21, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     **Order DENYING Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue**

Before the Court is Plaintiffs Puma SE and Puma North America, Inc.'s ("Plaintiffs") *ex parte* application for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should issue. Dkt. # 14. The Court deems this matter appropriate for resolution without oral argument. L.R. 7-15. After considering Plaintiffs' arguments, the Court DENIES Plaintiffs' *ex parte* application.

Plaintiffs design and sell a footwear line known as "Fenty" shoes. *Petrick Decl.* ¶¶ 2, 5–8. Plaintiffs sell three styles of Fenty shoes: the Creeper, the Fur Slide, and the Bow Slide. *Id.* ¶¶ 9–11. They allege that Defendant Forever 21 produces and sells "knock off" Fenty shoes that infringe on Plaintiffs' trade dress, copyright, and design patent rights, and they seek a TRO that would enjoin Defendant from:

(a) Producing, selling, offering for sale, distributing, advertising, providing, or promoting any infringing goods not authorized by Puma . . . , (b) using any word, term, symbol, or any combination thereof, or any false designation of origin, false or misleading description of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, sponsorship or affiliation of Defendant's goods or services; and (c) infringing in any manner, Puma's intellectual property, in particular all iterations of Forever 21's shoes in style of Puma's "Creeper" sneaker and "Fur Slide" and "Bow Slide" sandals offered under Puma's Fenty label (which includes at least Forever 21 product numbers 2000083250, 2000084536, 2000089223, 2000105390, 2000190304, 2000268434, 2000305398, and 2000322104).

*Application for Temporary Restraining Order* ii:6–24, iii:16–iv:1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2523 PSG (Ex) | Date | April 7, 2017 |
|---|---|---|---|
| Title | Puma SE *et al.* v. Forever 21, Inc. | | |

The law on *ex parte* applications is well settled in this circuit.  In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Plaintiffs' *ex parte* application fails because Plaintiffs have not shown that they are without fault in creating the crisis requiring *ex parte* relief.  Plaintiffs concede that they have been aware of Forever 21's counterfeiting for some time.  *See App.* 1:28–2:1 ("Forever 21 has a history of releasing knock-offs close in time to the Puma shoe releases."), 2:9–19 ("Forever 21 has counterfeited in the past."), 1:5–6 ("Forever 21, in fact, has been sued over 100 times for intellectual property infringement.").  Nevertheless, Plaintiffs claim that a TRO is urgent because Puma will release its next edition of the "Creeper" shoe on April 6, 2017.  As the designers and sellers of the Creeper shoe, however, Plaintiffs surely had ample notice of the date of their own shoe's release, and yet they waited until the day before the release to try to get an injunction.  Plaintiffs "therefore failed to demonstrate the absence of fault in creating the crisis that supposedly warrants *ex parte* relief."  *Santos v. JP Morgan Chase Bank, N.A.*, No. CV 10-9712 PSG PWJX, 2010 WL 5313740, at *2 (C.D. Cal. Dec. 17, 2010) (citing *Mission Power*, 883 F. Supp. at 492).

Because Plaintiffs have not shown that they are without fault in creating the crisis requiring *ex parte* relief, the Court DENIES Plaintiffs' application for a TRO and an order to show cause why a preliminary injunction should not issue.

**IT IS SO ORDERED**.