#21(6/12 hrg off)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2523 PSG E | Date | June 2, 2017 |
|---|---|---|---|
| Title | Puma SE *et al*. v Forever 21, Inc | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order DENYING Plaintiffs' Motion for a Preliminary Injunction

Pending before the Court is Plaintiff Puma SE and Puma North America, Inc.'s Motion for a Preliminary Injunction. Dkt. # 21. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing and reply papers, the Court DENIES the motion.

I.   Background

This is an action arising out of Defendant Forever 21, Inc.'s ("Forever 21") alleged infringement of Plaintiffs Puma SE and Puma North America, Inc. ("Puma") intellectual property rights in a line of designer footwear known as the "Fenty" shoes. *See* Dkt. # 13, *First Amended Complaint* ("FAC"). Since 2014, Puma has collaborated with music artist Rihanna to design and market women's clothing and footwear. *Id*. ¶ 7. Rihanna has served as the ambassador for Puma's "Fenty" label, which contains the three shoe models at issue in this litigation: the "Creeper" sneaker, the "Fur Slide" and the "Bow Slide." *Id*. ¶ 8–10. These three models (together, the "Fenty Shoes") "have enjoyed substantial and noteworthy success" and "routinely sell out within minutes of being posted on Puma's online store." *Id*. ¶¶ 10, 20. Puma has filed applications for copyright registrations for each of the Fenty Shoes, and the Puma "Creeper" sneaker is the subject of U.S. patent no. D774.288. *Id*. ¶¶ 18, 41.

Puma alleges that Forever 21 seeks to "trade on the substantial goodwill of Puma, Rihanna, and the Fenty Shoes" by making "knock-off" copies of each of these shoes and offering them for sale on its website. *Id*. ¶ 15. Specifically, Puma alleges that Forever 21's Yoki Sneaker, Fur Slide, and Bow Slide are copies or counterfeits of Puma's Fenty Shoes and thus infringe on Puma's intellectual property rights. *Id*. ¶ 19, 25, 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2523 PSG E | Date | June 2, 2017 |
|---|---|---|---|
| Title | Puma SE *et al.* v Forever 21, Inc | | |

Puma filed suit against Forever 21 on April 4, 2017, alleging causes of action for: (1) design patent infringement, 35 U.S.C. § 271; (2) federal trade dress infringement, 15 U.S.C. § 1125(a); (3) copyright infringement, 17 U.S.C. § 501; (4) federal false designation of origin and unfair competition, 15 U.S.C. § 1125(a); and (5) state unfair competition, Cal. Bus & Prof. Code § 17200. *See generally* FAC. On April 7, 2017, the Court denied Puma's ex parte application for a temporary restraining order against Forever 21, finding Puma had "not shown that [it] is without fault in creating the crisis requiring *ex parte* relief." *See* Dkt. # 19.

Puma now moves for a preliminary injunction to enjoin Forever 21 from:

"(a) Producing, selling, offering for sale, distributing, advertising, providing, or promoting any goods incorporating Puma's intellectual property, or that so resemble Puma's intellectual property as to be likely to cause confusion, mistake or deception;

(b) Using any word, term, symbol, or any combination thereof, or any false designation of origin, false or misleading description of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, sponsorship or affiliation of Defendant's goods or services; and

(c) Infringing in any manner, Puma's intellectual property, in particular all iterations of Forever 21's shoes in style of Puma's "Creeper" sneaker and "Fur Slide" and "Bow Slide" sandals offered under Puma's Fenty label (which includes at least Forever 21 product numbers 2000083250, 2000084536, 2000089223, 2000105390, 2000190304, 2000268434, 2000305398, and 2000322104)."

*See* Dkt. # 21 ("Mot."). Forever 21 opposes the motion. Dkt. # 55. For the reasons stated below, Puma's motion for a preliminary injunction is denied.

II. <u>Legal Standard</u>

A preliminary injunction is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citation and internal quotation marks omitted). A party seeking a preliminary injunction must make a "clear showing" of: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (citation omitted).

III. <u>Discussion</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2523 PSG E | Date | June 2, 2017 |
|---|---|---|---|
| Title | Puma SE *et al*. v Forever 21, Inc | | |

Puma argues that it is entitled to preliminary injunctive relief based on its patent, trade dress, and copyright causes of action. *See Mot*. After considering only the second *Winter* prong, the Court determines that Puma has failed to carry its burden in demonstrating a preliminary injunction is warranted. "It is well established that as the party seeking emergency relief, [Puma] must make a clear showing that it is at risk of irreparable harm, which entails showing a likelihood of substantial and immediate irreparable injury." *Apple Inc. v. Samsung Electronics Co.* ("*Apple II*"), 695 F.3d 1370, 1374 (Fed. Cir. 2012) (internal quotation marks omitted). For the reasons discussed below, Puma fails to satisfy this factor.

Traditionally, courts presumed the likelihood of irreparable harm when a plaintiff demonstrated a likelihood of success on a copyright or trademark infringement claim. *See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1248–49 (9th Cir. 2013); *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994-95 (9th Cir. 2011). However, the Supreme Court's decisions in *Winter* and *eBay* have altered this presumption. *See Winter*, 555 U.S. 7 at 20; *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006); *Herb Reed*, 736 F.3d at 1249. Following *Winter* and *eBay*, the Ninth Circuit has held that it is no longer appropriate to apply a presumption of irreparable harm in trademark and copyright cases, *see Herb Reed*, 736 F.3d at 1249, and that a "plaintiff must demonstrate a likelihood of irreparable harm as a prerequisite for injunctive relief, whether preliminary or permanent." *Flexible Lifeline*, 654 F.3d at 998; *see also Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981 (9th Cir. 2011). As a result, a plaintiff must now present actual evidence of irreparable injury. *See Herb Reed*, 736 F.3d at 1251 ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm.").

Thus, to obtain an injunction based on any of its causes of action, Puma must submit evidence of irreparable harm that is real and significant, not speculative or remote. *See Winter*, 555 U.S. at 22. Puma must also establish that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay Inc.*, 547 U.S. at 391. Harm is irreparable when it cannot be remedied except through injunctive relief. *See Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007).

Puma dedicates a mere two and a half pages to this factor in its motion, focusing primarily on the argument that the Fenty line of footwear is damaged by Forever 21's knock-offs and the prestige of the Puma brand in general is thereby diminished. *See Mot*. 11. Puma also submits the declaration of Adam Petrick, Puma's Global Director of Brand and Marketing in support of its motion. *See* Dkt. # 21-1, *Declaration of Adam Petrick* ("Petrick Decl."). Petrick explains in his declaration that Forever 21's products, known as "fast fashion," injure brands that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2523 PSG E | Date | June 2, 2017 |
|---|---|---|---|
| Title | Puma SE *et al*. v Forever 21, Inc | | |

are knocked-off "by depressing sales volume and prices." *Petrick Decl*. ¶ 5. Because there is a high demand for Puma's Fenty Shoes, and especially in the period after a launch, knock-offs such as those sold by Forever 21 diminish the excitement following a Fenty shoe release because consumers can purchase the "same-looking product" at a lower cost. *Id*. ¶ 17. Petrick claims that "[s]ome customers who have seen the hype for the authentic shoe may mistakenly believe that they have purchased the real shoe," or that other consumers "may be discouraged from buying the authentic shoes because of the ready availability of the cheaper copycat." *Id*. ¶ 21. Moreover, Petrick claims that knock-off shoes drive consumers away from both Fenty Shoes and other Puma shoes that consumers would otherwise buy. *Id*. ¶ 20. Consequently, Puma has already seen "lower-than-expected conversion of sales of other Puma shoes" as a result of the knock-off shoes, and the "Bow Slide" shoe, released in March 2017, allegedly took longer than expected to sell out. *Id*. ¶¶ 22–24.

These arguments are problematic in several respects. As a threshold matter, the Court is troubled by the scarcity of Puma's factual evidence, as it consists only of a single declaration from one of Puma's Directors. *See Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc.*, 46 F. App'x 964, 979 (Fed. Cir. 2002) ("Premier's evidence of infringement here consists of nothing more than a conclusory assertion by its CEO Scibora and an equally conclusory letter by its patent counsel."). Other than some exhibits containing website printouts and news articles concerning Forever 21, Puma submits no additional evidence of harm.

More importantly, a moving party cannot merely produce evidence of "unsupported and conclusory statements regarding harm [plaintiff] might suffer." *Herb Reed*, 735 F.3d at 1250 (finding that the district court improperly relied on "unsupported and conclusory statements regarding harm" in granting the injunction, and that the analysis was "cursory and conclusory, rather than being grounded in any evidence or showing offered by" the plaintiff); *Williams v. Green Valley RV, Inc*., No. CV 15-01010 ODW MRW, 2015 WL 4694075, at *2 (C.D. Cal. Aug. 6, 2015); *Am. Passage Media Corp. v. Cass Commc'ns, Inc.,* 750 F.2d 1470, 1473 (9th Cir. 1985) (finding irreparable harm not established by statements that "are conclusory and without sufficient support in facts"). While Petrick claims that the presence of knock-off products on the market "diminishes the brand value for Puma's consumers," and that "the prestige of the Puma brand is diminished," these statements are not tied to actual evidence, and constitute little more than "pronouncements that are grounded in platitudes rather than evidence." *Herb Reed*, 736 F.3d at 1250. Although preliminary relief may be ordered to prevent harm to a plaintiff's reputation and goodwill, nothing in Petrick's declaration supports Puma's contention that it is *likely* that Forever 21's infringing shoes have or will cause the Puma brand to lose its prestige. Puma has not, for example, submitted any evidence that consumers' perception of its brand has been weakened or that Puma has experienced a decline in its reputation on account of Forever

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2523 PSG E | | Date | June 2, 2017 |
|---|---|---|---|---|
| Title | Puma SE *et al*. v Forever 21, Inc | | | |

21's infringing products. In order to show harm to its brand under Ninth Circuit precedent, Puma must do more than simply submit a declaration insisting that its brand image and prestige have or will be harmed. *See Herb Reed*, 736 F.3d at 1251; *see also Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc*., CV 12-3856 PJH, 2014 WL 4312021, at *9–10 (N.D. Cal. Aug. 28, 2014) (finding statements regarding the harm to Wells Fargo's brand, reputation, and goodwill the type of "unsupported and conclusory statements regarding harm" that were rejected in *Herb Reed* where declaration simply asserted, without any supporting evidence, that defendants' actions have 'diminished,' 'undermined,' 'devalue[d],' and 'taint [ed]' Wells Fargo's association with the ABD brand); *but see Life Alert Emergency Response, Inc. v. LifeWatch, Inc*., 601 Fed. Appx. 469, 473–74 (9th Cir. Feb. 4, 2015) (finding evidence in the record where plaintiff submitted a declaration reporting numerous and persistent complaints from would-be customers, and emails and social media posts from consumers that substantiated the threat to plaintiff's reputation and goodwill as the "type of harm [that] constitutes irreparable harm, as it is not readily compensable.") (citations omitted).

Although Petrick claims that "some customers . . . may mistakenly believe that they have purchased the real shoe," the statement is not only entirely speculative, but evidence that "simply underscores customer confusion" is not enough to prove irreparable harm. *Herb Reed*, 736 F.3d at 1250; *Williams*, 2015 WL 4694075, at *2 ("Irreparable harm is no longer presumed or proven by a mere showing of consumer confusion."). Likewise, Petrick's claim that some "consumers may be discouraged from buying the authentic shoes because of the ready availability of the cheaper copycat" is "merely a speculative assertion of harm of the type that the Ninth Circuit in *Herb Reed Enterprises* concluded was not sufficient to establish a likelihood of irreparable harm under *Winter*." *Pom Wonderful LLC v. Pur Beverages LLC*, CV 13-06917 MMM CWX, 2015 WL 10433693, at *9 (C.D. Cal. Aug. 6, 2015). Thus, Puma has failed to submit probative, non-speculative evidence that it has lost or is likely to lose customers or goodwill due to Forever 21's infringing conduct. *Haas Automation, Inc. v. Denny*, CV 12-04779 CBM, 2014 WL 2966989, *8–9 (C.D. Cal. July 1, 2014) ("Plaintiff has offered no evidence – such as lost profits or lost goodwill – to show that it has suffered irreparable harm."); *Wahoo International, Inc. v. Phix Doctor, Inc*., CV 13-1395 GPC BLM, 2014 WL 2106482, *4 (S.D. Cal. May 20, 2014) ("[B]esides a conclusory statement that Plaintiff will suffer irreparable harm to its reputation and good will, Plaintiff has not provided any evidence to support such a claim. Accordingly, this factor weighs against injunctive relief"); *Active Sports Lifestyle USA, LLC v. Old Navy, LLC*, CV 12–572 JVS E, 2014 WL 1246497, *2 (C.D. Cal. Mar. 21, 2014) ("[T]he Court may not conclude that the fact of infringement itself constitutes irreparable harm, and the existence of intangible harms such as a loss of goodwill must be shown by evidence. Active has failed to present evidence beyond speculation that it will face a loss of goodwill in the future.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2523 PSG E | Date | June 2, 2017 |
|---|---|---|---|
| Title | Puma SE *et al.* v Forever 21, Inc | | |

Additionally, as noted above, Puma must also show that money damages are an inadequate remedy. *See eBay*, 547 U.S. at 391; *Weinberger v. RomeroBarcelo*, 456 U.S. 305, 312 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies."). The Court finds that Puma has failed to make this showing as well.

Puma relies entirely on Petrick's declaration that the presence of knock-off shoes "drives consumers away" from Puma shoes, that "sales of Fenty Puma shoes have been slower," that the "Bow Slide has seen decreased sales compared to Puma's projected sales," and that although the Bow Slide has been sold out, "it took longer than expected." *Petrick Decl.* ¶¶ 20, 22–24; Dkt. # 56-7, *Second Declaration of Adam Petrick*, ¶ 2. Puma however has not submitted any evidence to show how such sales or market share losses cannot be compensated with money damages. *Nano-Second Tech. Co. v. Dynaflex Int'l*, No. CV 10-9176 RSWL MANX, 2011 WL 4502025, at *4 (C.D. Cal. Sept. 28, 2011) ("Plaintiff has not proffered any evidence to show how future loss of revenue and market share cannot be compensated with money damages."); *Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991) ("[N]either the difficulty of calculating losses in market share, nor speculation that such losses might occur, amount to proof of special circumstances justifying the extraordinary relief of an injunction prior to trial."). The Court is therefore not convinced that the alleged harm here is so unquantifiable that money damages would be insufficient. *Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850–51 (9th Cir. 1985) ("The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm.") (internal citations and quotations omitted).

Therefore, because Puma has adduced no evidence that its brand value has been diminished or that monetary damages are insufficient, and because it relies solely on Petrick's unsupported and largely speculative assertions of harm, Puma has failed to meet its burden of showing that it will likely suffer irreparable harm if a preliminary injunction is not issued. Therefore, Puma's motion for a preliminary injunction must be denied. *Alliance for the Wild Rockies*, 632 F.3d at 1135 ("*Winter* tells us that plaintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction."); *Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1070–71 (N.D. Cal. 2015) (finding that irrespective of the merits of the causes of action, plaintiff "is not entitled to a preliminary injunction because it has not shown that it is likely to suffer irreparable harm as a result of defendants' use of the Infringing Marks."); *Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv.*, 109 F. Supp. 3d 1238, 1248 (N.D. Cal. 2015) ("Without establishing the likelihood of irreparable harm, the Court will not issue an injunction."); *ClearPlex Direct, LLC*, CV 15-00426 LHK, 2015 WL 913911, *3 (N.D. Cal. Mar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2523 PSG E | Date | June 2, 2017 |
|---|---|---|---|
| Title | Puma SE *et al*. v Forever 21, Inc | | |

2, 2015) ("The Court need not address all of the *Winter* factors because the Court finds that Plaintiff has failed to carry its burden of demonstrating that it would be irreparably harmed . . .").

IV. <u>Conclusion</u>

For the foregoing reasons, Puma's motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED**.